KENT M. WALKER (SBN 173700)
kwalker@lewiskohn.com
**LEWIS KOHN & WALKER, LLP**
15030 Avenue of Science, Suite 201
San Diego, California 92128
Tel (858) 436-1330
Fax (858) 436-1349

Attorneys for Plaintiff
ROLAND HOLDINGS, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND HOLDINGS, LLC, a Cook Islands limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> CORAL STREET HOLDINGS, LLC, a ST.KITTS-NEVIS  limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendant. | CASE NO.  **'16CV2990 BTM KSC** <br><br> **COMPLAINT FOR UNFAIR COMPETITION; TRADEMARK REGISTRATION CANCELLATION AND COMMON LAW TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff  ROLAND HOLDINGS, LLC, appearing through undersigned counsel, states as follows:

## PARTIES

1.    Plaintiff ROLAND HOLDINGS, LLC, a Cook Islands limited liability company (hereinafter, "Plaintiff" or "ROLAND"), is duly organized and existing under the laws of the Cook Islands, with its principal places of business at Bermuda House, Tutakimoa Rd.,

Rarotonga, Cook Islands and Calle Colonias 221, Col. Americana, Guadalajara, Jalisco C.P., Mexico, 44160, and does business in this judicial district.

2. Defendant CORAL STREET HOLDINGS, LLC (hereinafter, "CORAL STREET" or "Defendant") is a St. Kitts-Nevis limited liability company with its principal place of business at Juris Building, Main Street, Charlestown, St. Kitts-Nevis.

3. Plaintiff is presently uninformed of the true names or capacities of the Defendant sued herein under the fictitious names DOES 1-10, inclusive (collectively hereinafter, "Defendant"). Plaintiff is informed and believes, and thereupon alleges, that these Defendant fictitiously named as Doe engaged in, or are in some manner responsible for, the wrongful conduct and damages to Plaintiff alleged herein. Plaintiff therefore sues these Defendant by such fictitious names and will amend or seek leave to amend this pleading to substitute the true names and capacities of said Doe defendants when they are ascertained.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

4. This is an action for unfair competition and U.S. trademark registration cancellation under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*, including without limitation including without limitation 15 U.S.C. §§ 1119 and 1125 ("Lanham Act"), and for unfair competition and trademark infringement under the statutory and common law of California.

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

6. Plaintiff is informed and believes and based thereon alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) because, among other reasons, Defendant has substantial contacts with this judicial district, based on, for example, business that it conducts in and/or in connection with this judicial district including legal services it engages in this judicial district including regarding the registrations that are at issue in this action, Defendant has committed acts of unfair competition in and/or in connection with this

judicial district and Defendant has done transactions or business in connection with its purported mark CASA ARAMARA in and/or in connection with this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

### ROLAND AND ITS MARKS

7.     Plaintiff ROLAND is engaged in the business of providing hotel services and related services, such as ancillary services and products, including clothing and other items sold in connection with hotel services and related services and a certain hotel called CASA ARAMARA located in Mexico.

8.     ROLAND, including through its predecessors in interest, commenced use of the mark CASA ARAMARA ("CASA ARAMARA Mark" or "Mark") in connection with its hotel services and related services at least as early as 2003. Since that time, this mark has been continually used in commerce by ROLAND.  ROLAND holds trademark registrations for the mark CASA ARAMARA in Mexico.  The hotel called CASA ARAMARA is located in Punta de Mita, Mexico.  ROLAND advertises and promotes and hires and contracts with others to advertise and promote on its behalf that CASA ARAMARA hotel throughout the United States using the CASA ARAMARA Mark.

9.     Plaintiff's CASA ARAMARA Mark is inherently distinctive.  The Mark serves to identify and indicate the source of ROLAND's services to the consuming public, and to distinguish its services from those of others.   Over the years, including through its predecessors in interest, ROLAND has prominently used and promoted the Mark in connection with its services in advertising, promotion, and various other ways.  ROLAND's sales and advertising expenditures in connection with use of the Mark have been extensive. ROLAND has invested considerable effort and resources in advertising and promoting its insurance services using the Mark.  ROLAND advertises on the internet, in catalogs and other publications, and other venues and media.

10.     As a result of ROLAND's long usage and extensive promotion of the Mark, the Mark is distinctive to designate ROLAND, and it distinguishes ROLAND and its services

from others.  The Mark is well-known and widely recognized to consumers, and ROLAND has developed exclusive and valuable goodwill and strong common law rights in the Mark as a result of the usage and promotion of the Mark.

## DEFENDANT'S ACTIVITIES

11.     Years after ROLAND began using the Mark, in approximately 2015, Defendant obtained U.S. Trademark Registration Nos. 4172061, 4176004, 4176005 and 4187142 (the "U.S. Registrations") for the mark CASA ARAMARA purportedly by assignment.  These Registrations claim use of the mark for hotel services and clothing as well as related services.  Any use by Defendant of the CASA ARAMARA Mark for such goods or services is likely to cause confusion among consumers as to the source, connection and/or affiliation between Defendant and ROLAND, or as to the origin, sponsorship, or approval of the parties' services and goods.

12.     ROLAND alleges that Defendant CORAL STREET has no right to the CASA ARAMARA Mark, as ROLAND owns or otherwise controls the CASA ARAMARA hotel in Punta de Mita, Mexico to which the mark pertains.  Thus, Coral Street cannot be actually or legitimately using the mark in the U.S. in interstate commerce.  Coral Street wrongfully holds title in the U.S. to the Mark via the U.S. Registrations.  Coral Street's purported ownership of the U.S. Registrations damages and/or threatens to damage Roland.

13.     Defendant's registration and/or use of the same or substantially similar marks as Plaintiff's Mark to advertise and sell the same or substantially similar services or goods offered by Plaintiff in the same or substantially similar channels and locations of commerce is without the permission, license or authority of ROLAND, and such registration and/or use violates Plaintiff's rights in the Mark.

14.     Plaintiff is informed and believes and based thereon alleges that Defendant began its unfair competition with respect to and/or infringement of the Mark with full knowledge of ROLAND's Mark.  Plaintiff is informed and believes and based thereon alleges that Defendant undertook these actions with the intent of unfairly competing with ROLAND

and confusing consumers, so that it could attempt to trade on and receive the benefit of the goodwill built up by ROLAND at great labor and expense over many years.

## EFFECT OF DEFENDANT'S ACTIVITIES
## ON CONSUMERS AND/OR ROLAND

15.     Defendant's registration and/or use of the CASA ARAMARA Mark in the manner described above constitutes unfair competition with ROLAND and is likely to confuse consumers, customers, vendors, providers and others involved in the hotel services market as to whether some affiliation, connection or association exists between Defendant and ROLAND, or as to the origin, sponsorship, or approval of the parties' services and goods.

16.     Defendant's registration and./or use of the CASA ARAMARA Mark in the manner described above falsely indicates to the purchasing public that the services and/or goods of Defendant originate with ROLAND, or are affiliated, connected or associated with ROLAND, or are sponsored, endorsed, or approved by ROLAND, or are in some manner related to ROLAND.

17.     Defendant's registration and/or use of the CASA ARAMARA Mark in the manner described above falsely designates the origin of the services and goods of Defendant, and falsely and misleadingly describes and represents material facts with respect to the services, promotions, business and/or commercial activities of Defendant.

18.     Defendant's registration and/or use of the CASA ARAMARA Mark in the manner described above enables Defendant to attempt to trade on and receive the benefit of goodwill in those marks, which ROLAND has built up at great labor and expense over many years.

19.     Defendant's registration and/or use of the CASA ARAMARA Mark in the manner described unjustly enriches Defendant at ROLAND's expense.

20.     Defendant' registration and/or use of the CASA ARAMARA Mark in the manner described above prevents ROLAND from controlling the nature and quality of

services provided under those marks and places the valuable reputation and goodwill of ROLAND in Defendant' hands, over whom ROLAND has no control.

21.     The activities of Defendant have caused irreparable injury to ROLAND and to the public, and unless restrained by this Court, will continue to cause irreparable injury to ROLAND and to the public.  There is no adequate remedy at law for this injury.

## COUNT I: FEDERAL UNFAIR COMPETITION

22.     Plaintiff repeats the allegations from paragraphs 1-21 above as if fully set forth herein.

23.     The acts of Defendant complained of herein constitute unfair competition and/or false designation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24.     Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

25.     Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action, to ROLAND's great and irreparable injury, for which damages will not afford adequate relief.  ROLAND is therefore entitled to an injunction ordering Defendant to cease and desist its conduct.

26.     Defendant committed its wrongful acts willfully after actual and constructive notice of Plaintiff ROLAND's rights.  Defendant's conduct therefore justifies an award of exemplary damages.

## COUNT II: DECLARATION OF INVALIDITY OF UNITED STATES TRADEMARK REGISTRATIONS AND REQUEST FOR CANCELLATION

27.  Plaintiff repeats the allegations from paragraphs 1-26 above as if fully set forth herein.

28.  This is a claim under the trademark laws of the United States (15 U.S.C. § 1051 et seq., including without limitation 15 U.S.C. § 1119, for a declaration that United States Trademark Registration Nos. 4172061, 4176004, 4176005 and 4187142 for the mark CASA ARAMARA in various forms are invalid and should be cancelled.

29.  Plaintiff asserts that Defendant, by virtue of the acts alleged herein, has unfairly competed with respect to, unlawful obtained purported ownership of and/or infringed the CASA ARAMARA which is the subject of U.S. Trademark Registration Nos. 4172061, 4176004, 4176005 and 418714.

30.  On information and belief, United States Trademark Registration Nos. 4172061, 4176004, 4176005 and 4187142 are invalid and/or should be cancelled because (1) of Plaintiff's prior and continuing use of the subject marks in interstate commerce and Defendant has infringed Plaintiff's trademark by registering and/or using confusingly similar marks in interstate commerce in a way that is likely to cause confusion as to Defendant's association, affiliation, sponsorship or endorsement of Plaintiff and its services and products.

31.  On information and belief, U.S. Trademark Registration Nos. 4172061, 4176004, 4176005 and 418714 are invalid and/or should be cancelled by virtue that Defendant does not use, has not used and/or has no legitimate right to use the Mark in interstate commerce.  The Mark pertains to the CASA ARAMARA hotel in Punta de Mita, Mexico, and ROLAND owns or otherwise controls that CASA ARAMARA hotel. ROLAND has not authorized Defendant to use the Mark. Thus, Defendant is not and/or cannot legitimately be using the mark in the U.S. in interstate commerce to promote and sell hotel services and related services or goods, such as clothing, in connection with this famous hotel which is branded CASA ARAMARA and for which the Mark represents its goodwill in commerce.  Thus, the Registrations should be cancelled.

32.  On information and belief, U.S. Trademark Registration Nos. 4172061, 4176004, 4176005 and 418714 are invalid and/or should be cancelled by virtue that Defendant obtained the Registrations fraudulently, with the intent to mislead the USPTO.

33.  On information and belief, Defendant obtained the Registrations through fraud upon the USPTO by knowingly making a false, material representation or omission declaring or otherwise representing Defendant as the owner of the CASA ARAMARA Mark, declaring or otherwise representing that it was entitled to use the CASA ARAMARA Mark in

commerce for the services and goods claimed in the Registrations, and declaring no knowledge or omitting knowledge of ROLAND's ownership of the CASA ARAMARA Mark. On information and belief, Defendant submitted its assignment and other information to the USPTO without declaring knowledge of Plaintiff's use and ownership of the CASA ARAMARA Mark with the intent to mislead the USPTO for the purposes of obtaining title to the Registrations.

34. Pursuant to 15 U.S.C. § 1064(3), Defendant's Registrations of the CASA ARAMARA Mark were obtained fraudulently and should be cancelled and declared void ab initio.

35. The acts of Defendant have caused, and unless enjoined by this Court, will continue to cause irreparable damage, loss, and injury to Plaintiff ROLAND for which Plaintiff has no adequate remedy at law and from which Plaintiff is entitled to declaratory and injunctive relief.

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

36. Plaintiff repeats the allegations from paragraphs 1-35 above as if fully set forth herein.

37. The acts of Defendant complained of herein constitute infringement of Plaintiff's common law trademark rights in the Mark.

38. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

39. Plaintiff ROLAND has developed substantial common law rights in and to the CASA ARAMARA Mark.

40. By its acts, Defendant has infringed Plaintiff's Mark by registering and/or using confusingly similar marks in commerce in the state of California and elsewhere in a way that is likely to cause confusion as to Plaintiff's association, affiliation, sponsorship or endorsement of Defendant and its purported services or products.

41.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill, and Defendant has and will continue to be unjustly enriched by acquiring income, profits and goodwill to which he is not entitled.

42.     Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendant to cease and desist its infringing conduct.

43.     Defendant committed its wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendant's conduct therefore justifies an award of exemplary damages.

## COUNT IV: UNFAIR COMPETITION UNDER STATE LAW

44.     Plaintiff repeats the allegations from paragraphs 1-43 above as if fully set forth herein.

45.     The acts of Defendant complained of herein constitute unfair competition in violation of California Business & Professions Code § 17200 et seq.

46.     ROLAND has been damaged by the acts of Defendant in an amount currently unknown.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROLAND prays for entry of judgment against Defendant as follows:

1.     Defendant, its parents, subsidiaries, directors, officers, members, managers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained:

a.     From using the CASA ARAMARA Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name,

domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the CASA ARAMARA Mark;

        b.     From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any services or goods (products, samples and the like) containing or in connection with the CASA ARAMARA Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the CASA ARAMARA Mark;

        c.     From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the CASA ARAMARA Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the CASA ARAMARA Mark;

        d.     From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe Plaintiff's CASA ARAMARA Marks;

        e.     From committing any acts or making any statements calculated, or reasonably foreseeable consequence of which would be, to infringe any of ROLAND's trademark rights in the CASA ARAMARA Mark, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of ROLAND by, with, or of Defendant, and;

        f.     From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2.      Consistent with paragraph (1)(a) above, Defendant be ordered to remove from sale or display, and recall, any and all services, products, catalogs, advertisements, and any other items bearing the CASA ARAMARA Mark, or any word or words confusingly similar thereto.  Defendant also be ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after entry and service of an injunction, a written report detailing gross sales of any services or goods in connection with the CASA ARAMARA Mark or any word or words confusingly similar thereto.

3.      Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all services information, products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing the CASA ARAMARA Mark or any other mark, name, or designation that includes the CASA ARAMARA Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)).

4.      Cancel Defendant's Registrations with the United States Patent and Trademark Office of any other registrations using the CASA ARAMARA Mark or variants thereof, including, without limitation, U.S. Trademark Registration Nos. 4172061, 4176004, 4176005 and 4187142.

5.      Defendant be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant have complied with the injunction.

6.      Plaintiff recovers all damages it has sustained as a result of the activities of Defendant.

7.      Pursuant to 15 U.S.C. §§ 1117 and 1125, ROLAND be awarded treble damages and attorneys' fees for willful unfair competition and/or false designation.

8.    An accounting be directed to determine the profits of Defendant resulting from activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

9.    Defendant be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

10.    Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorneys' fees.

11.    Plaintiff be awarded prejudgment and post-judgment interest.

12.    Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.


                                    Respectfully Submitted,

Dated: December 9, 2016          LEWIS KOHN & WALKER, LLP
                                By:

                                s/ Kent M. Walker_____
                                KENT M. WALKER
                                kwalker@lewiskohn.com
                                SBN 173700
                                Attorney for Plaintiff
                                ROLAND HOLDINGS, LLC

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff ROLAND HOLDINGS, LLC hereby demands trial by jury.

3

4  Dated: <u>December 9, 2016</u>          LEWIS KOHN & WALKER LLP
                                        By:
5

6                                        s/ Kent M. Walker_____
                                        KENT M. WALKER
7                                        kwalker@lewiskohn.com
                                        SBN 173700
8                                        Attorney for Plaintiff
                                        ROLAND HOLDINGS, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28